# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CASE NO.: 1:15-cv-01997** |
| ) | |
| **Plaintiff/Intervenor,** ) | **JUDGE: DAN AARON POLSTER** |
| ) | |
| **v.** ) | |
| ) | |
| **RUFFING MONTESSORI SCHOOL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PLAINTIFF-INTERVENOR UNITED STATES'
## MOTION TO INTERVENE

The United States of America respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a plaintiff in this action.  Intervention is warranted as of right because the United States' interest in enforcing title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, cannot be fully represented or protected by plaintiff Rebekah McClelland, and this interest will be impaired if the United States is not permitted to intervene.  *See* Fed. R. Civ. P. 24(a)(2).  In the alternative, the United States should be granted leave to intervene because: (1) the United States' claims against Ruffing Motessori School share with this action common questions of law and fact; and (2) this action involves the interpretation of the ADA, a statute that Congress has entrusted to the Attorney General to administer.  *See* Fed. R. Civ. P. 24(b)(1), (2).

Before filing this Motion, counsel for the United States conferred with counsel for all parties.  Counsel for Ms. McClelland have represented that they consent to the United States'

intervention. Counsel for defendants have stated that they do not believe intervention is warranted at this time. For the reasons discussed herein and in the accompanying Memorandum of Law, the United States respectfully requests that the Court grant the United States' Motion to Intervene in this matter. The United States attaches a proposed Complaint in Intervention and a proposed order.

Respectfully submitted,

CAROLE S. RENDON
Acting United States Attorney

s/Michelle L. Heyer
Michelle L. Heyer (#0065723)
Assistant United States Attorney
United States Attorney's Office
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3686
(216) 522-2404 Fax
michelle.heyer@usdoj.gov

**MEMORANDUM OF LAW IN SUPPORT OF
THE UNITED STATES' MOTION TO INTERVENE**

The United States respectfully submits this Memorandum of Law in support of its Motion to Intervene in this action filed by plaintiff Rebekah McClelland against defendant Ruffing Montessori School ("Ruffing").[1] The United States moves pursuant to Federal Rule of Civil Procedure 24 to intervene as of right, or alternatively, by permission, to assert claims against Ruffing under title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*.

**PRELIMINARY STATEMENT**

McClelland alleges that Ruffing discriminated on the basis of disability by disenrolling her minor child, "MD," from its elementary school program. In addition to filing the instant action, McClelland also filed a discrimination complaint with the Department of Justice, making the same allegations. Pursuant to its authority under the regulation implementing title III, 28 C.F.R. pt. 36, the Department conducted a preliminary investigation of McClelland's complaint, and found evidence that Ruffing may have engaged in conduct that discriminated against an individual or individuals based on disability.

The Department is charged by Congress to enforce the ADA and its implementing regulation, and has a substantial interest in ending disability discrimination, remedying past discrimination, preventing future discrimination, and ensuring that the proper interpretation and application of title III of the ADA is presented in this lawsuit. Specifically, the United States has an interest in comprehensively resolving Ruffing's potential failure to provide equal access to its educational program to individuals with disabilities. This interest, and the United States' broader interest in ensuring the proper application and interpretation of the Department's regulation

---

[1] McClelland's complaint also names as defendants Ruffing administrators John McNamara and Lori Coticchia. These individuals are not named as defendants in the United States' proposed complaint in intervention.

implementing title III of the ADA, 28 C.F.R. pt. 36, cannot be represented by the present parties to this lawsuit. They do not speak for the United States nor can they represent the interests of other students or potential students with disabilities who may be impacted by Ruffing's policies and practices.

## FACTUAL BACKGROUND

As set forth in the United States' proposed Complaint in Intervention, MD is a child diagnosed with autism spectrum disorder, who attended Ruffing from first grade through fourth grade. MD was successful at Ruffing both socially and academically. His annual teacher reports describe him as pleasant, cooperative and hardworking, and his performance on state standardized tests showed steady improvement, and was always at or above grade level.

In Spring 2015, McClelland completed paperwork to re-enroll MD at Ruffing for fifth grade and she paid a $500 tuition deposit. Ruffing prepared a "Service Plan" for MD's fifth-grade year, outlining the modifications it intended to make due to his autism spectrum disorder. Days before the end of the school year, Ruffing suddenly informed McClelland that MD could not return for fifth grade, claiming the class size would be too large to accommodate his needs. This sudden decision surprised not only McClelland, but also MD's fourth-grade teacher at Ruffing, who also would have continued to teach him for fifth grade, and who was apparently not involved in the decision to disenroll MD.

At one point, Ruffing appeared to waver in its decision to disenroll MD. While administrators offered to allow him to return, they made it clear to McClelland that they felt MD should not be at Ruffing, and when McClelland sought assurance that MD would not be summarily disenrolled again, Ruffing declined to make such a commitment.

2

Ruffing's administration had demonstrated an unfavorable attitude toward students with disabilities previously.  In March 2014, McClelland requested that Ruffing participate in an Ohio program that provides scholarship funds for students with special needs.  The school declined, and in an email explaining its reasons, a Ruffing administrator said that if Ruffing participated, it would be listed on a State website as a special needs program participant, and that would "increase our applications exponentially."  The administrator also wrote that in order to participate, Ruffing would have to sign an affidavit saying it "will not discriminate based on disability and that would be tough to do."

Faced with the prospect that MD could be summarily disenrolled again, and with Ruffing's apparent negative attitude toward students with disabilities, McClelland felt she had no choice but to enroll MD and his younger brother in another school.  Because she is committed to the Montessori educational philosophy, McClelland's options were limited, and she ultimately enrolled her children at the Ratner Montessori School.  This necessitated a move from the west side suburbs to the east side suburbs.  The move was emotionally and financially burdensome for the family, and it has also impacted McClelland's business as a portrait photographer, as many of her previous clients are unwilling to travel nearly an hour to her new location.

## ARGUMENT

A.   **The United States Should Be Permitted to Intervene as of Right.**

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or

3

impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). The United States meets each of these requirements for intervention as of right.

### 1. **The United States' Motion is Timely.**

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *see also United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013).

Here, the case is still in the early stages of litigation. The parties have filed a series of complaints and motions to dismiss, the most recent of which is currently pending, but no scheduling order has been issued and no discovery has taken place. None of the arguments raised in Ruffing's pending motion to dismiss is applicable against the United States, so there will be no need to relitigate matters already briefed. The parties will not be prejudiced by the

4

United States' intervention. Further, the Department's extensive experience and expertise with the ADA and its implementing regulation will aid in the proper resolution of this litigation, not hamper it—a circumstance that militates in favor of the United States' intervention.

## 2. The United States Has a Substantial Legal Interest in the Subject Matter of This Case.

The United States Court of Appeals for the Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("'[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

This litigation directly implicates the United States' interest in enforcing title III of the ADA. Effectuating Congress' desire to "ensure that the Federal Government plays a central role in enforcing the . . . [ADA] on behalf of individuals with disabilities," 42 U.S.C. § 12101(b)(3), the ADA directs the Attorney General of the United States to promulgate regulations implementing title III, *see id.* § 12186(b), and it authorizes the Attorney General to commence legal actions to remedy violations of the ADA, *see id.* § 12188. This authority warrants the United States' intervention as of right in this case. *Cf. Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006) (State of Ohio entitled to intervene as of right where it had an interest in "defending the validity of Ohio laws and ensuring that those laws are enforced"); *Eastern Shawnee Tribe of Oklahoma v. Ohio*, No. 3:05CV7267, 2006 WL 2711563, at *3-4 (N.D. Ohio Sept. 19, 2006) (granting intervention

5

because State of Ohio had substantial interest in litigation implicating Ohio regulations); *Gillie v. Law Office of Eric A. Jones, LLC*, No. 13-cv-212, 2013 WL 4499955, at *4 (S.D. Ohio Aug. 21, 2013) (Ohio Attorney General asserted substantial legal interest for intervention of right because lawsuit "implicate[d] the construction of the statutes and agreements he administers"); *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203-04 (5th Cir. 1992) (Director of Office Workers' Compensation Programs' interest in the "consistent application of . . . a statutory scheme he is charged with administering" was sufficient to support intervention as of right).

The United States' interest is particularly strong here because Ruffing's alleged conduct goes to the heart of the ADA's prohibitions in an area of specific concern to Congress: the ability of individuals with disabilities to access on an equal basis opportunities offered by private elementary and secondary schools. *See* 42 U.S.C. § 12181(7). Indeed, many private schools may be unaware of their obligations under the ADA, and the consequent denial of equal educational opportunities is precisely the type of discrimination that Congress sought to end, and which the ADA entrusts to the Attorney General to redress. *See* 42 U.S.C. §§ 12101(a)(7), (8) (ADA was enacted to ensure "equality of opportunity" and "full participation" for individuals with disabilities; such individuals are otherwise denied "the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous").[2]

---

[2] Because the alternative to intervention in this lawsuit is a separate action by the United States, the efficiency goals implicit in Federal Rule of Civil Procedure 24 are furthered by intervention. *Cf.* N.D. Ohio Civ. R. 3.1(b) (providing for transfer of related cases).

### 3. Intervention in this Case is Necessary to Protect the United States' Interest.

Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "This burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." *Id.*; *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired").

The disposition of this case impacts the United States' interest in eliminating disability discrimination by private schools. This is an area of great public importance because over one million children in the United States attend private schools that are covered by the ADA.[3] A federal decision interpreting and applying the ADA's provisions and the Department's implementing regulation accordingly may have a significant impact on the United States' enforcement efforts. *See Miller*, 103 F.3d at 1245, 1247-48 (finding impairment of interest where Michigan Chamber of Commerce argued that "the precedential effect of an adverse ruling . . . could hinder its own efforts to litigate the validity of Michigan's system for regulating campaign finance"); *Ceres Gulf*, 957 F.2d at 1204 ("[D]enying intervention impairs, if not prevents, [the Director of Office of Workers' Compensation's] ability to provide his interpretation of the law he is charged with administering and would be harmful in allowing a precedent, reached without his input, on an important . . . issue.") .

---

[3] See Council for American Private Education, "Fact Sheet," http://www.capenet.org/facts.html (accessed 2/25/16). This figure represents the number of students attending non-sectarian private elementary and secondary schools.

### 4. The Existing Parties Cannot Protect the Interest of the United States.

The United States carries a minimal burden to show that the existing parties to this litigation inadequately represent the United States' interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it '*may* be' inadequate." *Id.* (citations omitted) (emphasis added); *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a *potential* for inadequate representation.") (citation omitted) (emphasis in original). The United States satisfies this burden.

*First*, the United States has an interest in enforcing the ADA to advance the public interest in ending disability discrimination in private elementary and secondary education. This interest is inadequately represented by the existing parties, for only the Attorney General and her designees can attend to the interests of the United States. 28 U.S.C. § 517 ("[A]ny officer of the Department of Justice[] may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States . . . ."); *see Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 424 (5th Cir. 2002) ("[i]t cannot be assumed that the existing [private] parties to the litigation would protect the FDIC's and the public's interest" in the proper regulation of the federal deposit insurance system). The existing parties cannot represent the United States' views on the proper interpretation and application of the ADA, and are not able to make all of the arguments the United States could make upon intervention. *See, e.g., Scotts Valley Band of Pomo Indians of the Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926-927 (9th Cir. 1990) (city government's interest could not be adequately represented by another

8

entity); *Eastern Shawnee Tribe of Oklahoma v. Ohio*, No. 3:05CV7267, 2006 WL 2711563, at *4 (N.D. Ohio Sept. 19, 2006) ("the Attorney General alone can protect the interests of the citizens of Ohio, denial of intervention will impair the ability of the Attorney General to protect those interests"); *Orrand v. Hunt Constr. Grp., Inc.*, Nos. 13-cv-481, 13-cv-489, 13-cv-556, 13-cv-900, 2014 WL 3895555, at *5 (S.D. Ohio Aug. 8, 2014) (NLRB's interest was not adequately represented by private parties; the NLRB "represents and enforces the public interest" and has expertise that will "provide the court with legal arguments and authorities which might not be forthcoming in the parties' briefs"); *Wilkins v. Daniels*, No. 12-cv-1010, 2012 WL 6015884, at *4 (S.D. Ohio Dec. 3, 2012) (potential intervenor's interests were inadequately represented; the state defendants "represent the general public as a whole," while the potential intervenor "has more specialized goals in mind").

*Second*, the interest of the United States extends to current, former, and potential students and members of the public with all types of disabilities who have been subjected to discrimination. MD has been diagnosed with autism spectrum disorder, and can represent only students with the same disability; the United States can represent students with any disability. See 42 U.S.C. § 12188(b)(2). As such, intervention is necessary to protect the United States' interest in enforcing the ADA to eliminate discrimination against individuals with a variety of disabilities.

Based on these and similar grounds, federal district courts throughout the country have granted the United States' applications to intervene in cases alleging claims under the ADA. *See, e.g.*, Electronic Order, *Nat'l Fed'n of the Blind v. HRB Digital LLC*, No. 1:13cv10799 (D.

9

Mass. Dec. 10, 2013) (granting the United States' motion to intervene in action under title III of the ADA); Civil Minutes, *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council Inc.*, No. 3:12-cv-1830-EMC (N.D. Cal. Oct. 12, 2012) (same); Minutes of Proceedings, *Lane v. Brown*, No. 3:12cv138 (D. Or. May 22, 2013) (granting the United States' motion to intervene in title II action); *Dudley v. Miami University*, No. 1:14cv038 (S.D.Ohio September 10, 2015) (same). This Court should do the same.

### B. Alternatively, the United States Should Be Allowed to Intervene By Permission

The United States may also be granted leave to intervene by permission. Rule 24(b)(2) permits intervention on timely motion by a governmental officer or agency where "a party's claim . . . is based on: (A) a statute . . . administered by the officer or agency; or (B) any regulation [or] requirement . . . issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2). The Court may likewise permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The same substantial interests that give the United States a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b):

*First*, for the reasons detailed in Section I(A), *supra*, the United States' Motion to Intervene is timely. *Second*, if required to file a separate action to protect the United States' interests, *see* Section I(D), *supra*, the United States would assert that by failing to make reasonable modifications to its education program to accommodate MD's autism spectrum

10

disorder and by denying him an equal opportunity to participate in and benefit from Ruffing's educational services, programs, and activities in violation of title III and the Department's implementing regulation. These assertions would require the Court to resolve questions of fact and law that are common to—and in some instances, identical to—questions raised by the existing parties. *Third*, as discussed in Section I(B), *supra*, the Department plays a central role in enforcing and implementing the ADA and the Department's title III regulation, which is at issue in this case. *Fourth*, because this case is at the earliest stage (a scheduling order has not been issued and discovery has not begun), the United States' intervention will not delay or prejudice the adjudication of any party's rights.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' Motion to Intervene.

        Respectfully submitted,

        CAROLE S. RENDON
        Acting United States Attorney

        s/Michelle L. Heyer
        Michelle L. Heyer (#0065723)
        Assistant United States Attorney
        United States Attorney's Office
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3686
        (216) 522-2404 Fax
        michelle.heyer@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of March, 2016, the foregoing Motion to Intervene, along with a memorandum in support and proposed complaint and order, were filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                         <u>s/Michelle L. Heyer</u>
                                         Michelle L. Heyer
                                         Assistant U.S. Attorney