IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:15-cv-01997 |
| | ) | |
| Plaintiff/Intervenor, | ) | JUDGE: DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| RUFFING MONTESSORI SCHOOL, | ) | COMPLAINT IN INTERVENTION |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff-Intervenor United States of America alleges the following, upon information and belief:

## INTRODUCTION

1. The United States files this action against Defendant Ruffing Montessori School to enforce title III of the Americans with Disabilities Act of 1990, as amended ("title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq.*, and its implementing regulation, 28 C.F.R Part 36.

2. The discriminatory conduct alleged herein raises an issue of general public importance, as set forth at 42 U.S.C. § 12188(b)(1)(B)(ii).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.  This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. § 12188(b)(2).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants are situated and/or reside in the Northern District of Ohio and the events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. Plaintiff-Intervenor is the United States of America.

6. Defendant Ruffing Montessori School ("Ruffing") is a private Montessori School located in Rocky River, Ohio.  Ruffing is a non-profit corporation under the laws of the state of Ohio.  It is a public accommodation within the meaning of title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation at 28 C.F.R. § 36.104.

7. Plaintiff Rebekah McClelland is a resident of the Northern District of Ohio.  She is the mother of Plaintiff MD, a minor child.

## FACTS

8. MD enrolled as a student at Ruffing in Fall 2011.  Shortly after his enrollment at Ruffing, MD was diagnosed with autism spectrum disorder, a neurological disorder that substantially limits one or more major life activities, including but not limited to brain function, and ability to concentrate, read and learn.  MD is an individual with a disability within the meaning of 42 U.S.C. § 12102.

9. From 2011 through May 2015, Ruffing provided reasonable modifications to its educational program for MD.  These modifications included extra time to complete assignments and standardized tests, and assistance from staff members to maintain concentration and stay on task.

10. These modifications allowed MD to succeed at Ruffing, academically and socially. Teacher reports praised him as hard-working, cooperative and pleasant.  MD's academic performance was at or above grade-level throughout his time at Ruffing, and his annual standardized test scores demonstrated consistent progress.  From third grade to fourth grade, for example, MD's language arts composite score jumped from the 78th percentile to the 97th, and his math score went from the 61st percentile to the 74th.

11. In March 2014, McClelland asked Ruffing Administrator Lori Coticchia ("Coticchia") if Ruffing would apply to participate in a program of the State of Ohio that provides scholarships for students with special needs.  Coticchia declined, saying in an email to McClelland that if Ruffing participated in the program, it would be listed on a State website as a special needs program participant, and that would "increase our applications exponentially."  Coticchia also said that in order to participate, Ruffing would have to sign an affidavit saying it "will not discriminate based on disability and that would be tough to do."

12. In early 2015, when MD was in fourth grade, McClelland completed paperwork to reenroll MD at Ruffing for fifth grade.  She also paid a $500 tuition deposit.

13. In Spring 2015, Ruffing completed a Service Plan for MD, outlining the modifications that Ruffing intended to provide for him in fifth grade.  The modifications included the modifications he had been provided previously, plus fours hours per month with a speech/language pathologist and four hours per month with Ruffing's intervention specialist.

14. On or about May 20, 2015, Coticchia informed McClelland by telephone that MD could not return to Ruffing for the following school year.  She explained the decision by stating that the class size was too large to accommodate his needs.

15. Faced with this sudden and unexpected development, McClelland began looking for an alternative Montessori placement for MD, and for his younger brother, who also had been enrolled at Ruffing. Because it was so late in the school year, this was extremely difficult, and the uncertainty about where her children would attend school the following year caused McClelland a great deal of stress and anxiety.

16. The decision also caused emotional distress for MD. McClelland told him that he would not be returning the following year, because she felt it was important for him to have the opportunity to say goodbye to his friends and his teachers. Although she tried to shield him from the fact that Ruffing no longer wanted him as a student, she says that he did understand that something was going on, and he was made to feel unwelcome.

17. In early June, Ruffing's administration appeared to be reconsidering its decision that MD could not return. McClelland met with Ruffing Principal John McNamara ("McNamara") to discuss MD's status at Ruffing. During this conversation, McNamara was non-committal. According to McClelland, he seemed to indicate that MD could return to Ruffing, but he also emphasized that he and Coticchia agreed that MD should be disenrolled. Understandably, McClelland sought assurances from McNamara that if MD returned, Ruffing would not summarily decide to disenroll him in the future. McNamara told her he could not make such a guarantee.

18. Ultimately, McClelland was able to enroll MD and his brother at Ratner Montessori School ("Ratner"), in Pepper Pike. To make it feasible for her children to attend Ratner, McClelland moved from Bay Village to Cleveland Heights. This caused significant personal expense and emotional upheaval. It also caused McClelland to suffer professionally; she is a photographer

4

and had built a successful studio in Bay Village specializing in portraits of children. She has lost many clients who are unwilling to drive to the East Side, where she is now working.

## Cause of Action

Title III of the American with Disabilities Act

19. The allegations of Paragraphs 1 through 18 are hereby re-alleged and incorporated by reference as if fully stated herein.

20. Defendant discriminated against individuals with disabilities on the basis of disability in the full and equal enjoyment of its services, facilities, privileges, advantages, and accommodations, in violation of title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulation at 28 C.F.R. Part 36, by

    a. Denying an individual or class of individuals on the basis of disability or disabilities of such individual or class the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations provided by Ruffing, in violation of 42 U.S.C. § 12182(b)(1)(A)(i), and its implementing regulation at 28 C.F.R. §§ 36.201, 36.202, and 36.203; and

    b. Failing to make reasonable modifications in policies, practices, and procedures as necessary to avoid discrimination on the basis of disability, in violation of 42 U.S.C.§ 12182(b)(2)(A)(ii), and its implementing regulation at 28 C.F.R. § 36.302; and

    c. Using eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, in violation

5

      of 42 U.S.C. § 12182(b)(2)(A)(i), and its implementing regulation at 28 C.F.R. § 36.301(a).

21. Rebekah McClelland and MD are persons aggrieved by Ruffing's discriminatory conduct, pursuant to 42 U.S.C. § 12188(b)(2)(B).

### **Request for Relief**

WHEREFORE, the United States requests that this Court:

22. Grant judgment in favor of the United States and declare that defendants have violated title III of the ADA, 42 U.S.C. §12181 *et seq.*, and its implementing regulation, 28 C.F.R. Part 36;

23. Enjoin Ruffing, its officers, agents and employees, and all other persons in active concert or participation with Ruffing, as well as any successors or assigns, from engaging in discriminatory policies and practices against individuals based on their disabilities, and specifically from failing or refusing to take appropriate steps to ensure compliance with the requirements of title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36;

24. Order Ruffing to modify its policies, practices, and procedures as necessary to bring them into compliance with title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36;

25. Award compensatory damages, including damages for pain and suffering, in an appropriate amount to all aggrieved persons, including but not limited to those named in

this Complaint, for injuries suffered as a result of defendants' failure to comply with the requirements of title III of the ADA, 42 U.S.C. § 12181 *et seq.*;

26. Assess a civil penalty against defendants as authorized by 42 U.S.C. § 12188(b)(2)(C) to vindicate the public interest; and

27. Order such other appropriate relief as the interests of justice require.

Respectfully submitted this 2 day of ~~February~~ March, 2016.

LORETTA E. LYNCH
Attorney General of the United States

By: /s/ Vanita Gupta
VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

CAROLE S. RENDON
Acting United States Attorney for the
Northern District of Ohio

By: /s/
Michelle L. Heyer (#0065723)
Assistant United States Attorneys
United States Attorney's Office
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3686
(216) 522-2404 Fax
michelle.heyer@usdoj.gov