IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-CV-1997 |
| | : | |
| Plaintiff/Intervenor, | : | |
| | : | JUDGE DAN AARON POLSTER |
| v. | : | |
| | : | |
| RUFFING MONTESSORI SCHOOL, | : | |
| | : | |
| Defendant. | : | |

**A.  Identities of individuals likely to have discoverable information that Plaintiff may use to support claims or defenses:[1]**

| | | |
|---|---|---|
| Rebekah McClelland | Plaintiff/Complainant.  Mother of MD, a minor child with autism whom the United States alleges was disenrolled from Ruffing due to his disability or perceived disability | 1106 Hillstone Rd. Cleveland Hts., OH 44121 (440) 731-6466 |
| Louis Finucane, Sandra Sanchez | Parent of WF, a child the United States alleges was disenrolled from Ruffing due to his disability or perceived disability | 10800 Edgewater Drive Cleveland, OH 44102 (216) 408-6261 |
| Heather Lambert-Shemo, Jeffrey Lambert-Shemo | Parents of JLS, a child the United States alleges was disenrolled from Ruffing due to his disability or perceived disability | 1362 Manor Park Ave. Lakewood, OH 44107 (216) 226-5654 |
| John McNamara | Ruffing Principal | Ruffing Montessori School 1285 Orchard Park Dr. Cleveland, OH 44116 (216) 464-0033 |
| Lori Coticchia | Ruffing administrator | |
| Siri Holm Losacano, FNU Shapiro, FNU Hughes, Joy Smith, Patty Ann Allen, Sandra Sanchez, Helga Werner, Patricia Allen | Ruffing teachers, taught MD, WF and JLS | |
| Libby Whalen | Ruffing Interventionist | |
| Tessa Dicker, Anna Discenzo, | Cleveland Montessori School staff members, may have communicated with | Cleveland Montessori School 12510 Mayfield Rd. |

---

[1] Addresses, contact information, and/or phone numbers are provided to the extent known by the United States.  Plaintiff will seasonably supplement this list when and if additional information required to be disclosed becomes available.

| Tina Schneider | Ruffing staff members concerning MD | Cleveland, OH 44106<br>(216) 421-0700 |
|---|---|---|
| Denise Falcon | Learning Specialist at Ratner Montessori School, where MD is now enrolled | Ratner Montessori School<br>27575 Shaker Blvd.<br>Cleveland, OH 44124<br>(216) 464-0033 |
| Persons named on list of families with children who did not re-enroll at Ruffing | | |

**B. Documents, data compilations, and tangible things that are in possession, custody, or control of Plaintiff that Plaintiff may use to support claims or defenses:**

See attached

**C. Information Related to the Computation of Damages.**

In accordance with 42 U.S.C. § 12181, et seq., the United States will seek all monetary damages allowed by law for aggrieved persons who have been harmed by the Defendants' discriminatory practices. Such damages may include, but not be limited to, compensation for out-of-pocket expenses, lost income, moving expenses, increased housing and transportation costs, emotional distress, embarrassment, and humiliation;[2] and punitive damages. Should the United States identify additional aggrieved persons other than McClelland, Finucane, Sanchez, the Lamert-Shemos, and their respective minor children, it will supplement these disclosures as required by the Federal Rules of Civil Procedure.

The United States will also seek a civil penalty in an amount up to the maximum permitted by 42 U.S.C. § 12188(b)(2)(C) for each discriminatory act.

Plaintiff is unaware of the existence of any documents relevant to the issue of damages other than those documents identified herein pursuant to Federal Rule of Civil Procedure 26(a)(1)(B). When and if plaintiff discovers any other persons for whom it will seek damages, and when and if plaintiff discovers information that could be used to calculate damages, it will supplement these disclosures.

---

[2] The precise amount needed to compensate aggrieved persons for the emotional distress they suffered will be determined by the jury. See *Bracey* v. *Board of Education of City of Bridgeport*, 368 F.3d 108, 118 (2d Cir. 2004) (noting that "[p]roper compensation for noneconomic damages cannot be computed by a mathematical formula."); *Williams* v. *Trader Pub. Co.*, 218 F.3d 481, 487 (5th Cir. 2000) (damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1)).

Respectfully submitted this 15th day of June, 2016.

        CAROLE S. RENDON
        Acting United States Attorney

By:  <u>Michelle Heyer    </u>
    MICHELE L. HEYER (0065723)
    Assistant United States Attorney
    400 United States Court House
    801 West Superior Avenue
    Cleveland, Ohio  44113-1852
    (216) 622-3686
    michelle.heyer@usdoj.gov

    Attorney for Plaintiff/Intervenor United States of America