IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CASE NO.: 1:15-cv-01997** |
| ) | |
|    **Plaintiff/Intervenor, et al.,** ) | **JUDGE: DAN AARON POLSTER** |
| ) | |
| v. ) | |
| ) | |
| **RUFFING MONTESSORI SCHOOL, et al.,** ) | |
| ) | |
|    **Defendants.** ) | |

**SETTLEMENT AGREEMENT**

This matter is before the Court for entry of a settlement agreement ("Agreement") agreed upon by the Parties, Plaintiff United States of America and Defendant Ruffing Montessori School ("Ruffing") in the case captioned McClelland v. Ruffing Montessori School et al., Case No. 15-cv-01997 before the United States District Court for the Northern District of Ohio ("the Litigation"). The United States alleges in the Litigation that Ruffing has engaged in discriminatory acts based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*., by failing to make reasonable modifications to policies, practices, or procedures for students with disabilities and for disenrolling students based on disability.  Ruffing denies that it ever discriminated against any child, regardless of his or her disability, or discriminated against any family member whose child may have a disability, denies that it failed to make any reasonable modifications to policies, practices or procedures for students with disabilities and denies that it disenrolled any student based on his or her disability.

The Court in the Litigation has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The parties agree that venue is appropriate. The United States and Ruffing agree that it is in the Parties' best interests, and the United States believes it is in the public interest, to fully and finally resolve this matter on mutually agreeable terms without resort to protracted litigation. The Parties hereby agree and stipulate to the Court's entry of all aspects of this Agreement in resolution of the United States' Complaint against Ruffing.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS AND ORDERS THE FOLLOWING:

**Parties**

1. Plaintiff is the United States of America.
2. Defendant is Ruffing Montessori School ("Ruffing"), an independent, private, co-educational Montessori school, serving children from preschool through eighth grade, located in Rocky River, Ohio.
3. Ruffing is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7).

**Injunctive Relief**

4. <u>General Obligations</u>. Ruffing agrees to comply with the requirements of the ADA and its implementing regulation at 28 C.F.R. Part 36. The ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201. That mandate includes, but is not limited to, the following:
    a. Ruffing shall not deny an individual or class of individuals on the basis of disability the opportunity to participate in or benefit from the goods, services,

      facilities, privileges, advantages, or accommodations of the School, pursuant to 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202;

  b. Ruffing shall make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302;

  c. Ruffing shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, except when it can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense pursuant to 42 U.S.C. § 12182(b)(2)(A)(iii) and 28 C.F.R. § 36.303; and

  d. Ruffing shall not use eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, pursuant to 42 U.S.C. § 12182(b)(2)(A)(i), and implementing regulation at 28 C.F.R. § 36.301(a).

5. <u>Establishment of Disability Nondiscrimination Policy</u>. Within thirty (30) days of the entry of this Agreement, Ruffing shall adopt a Disability Nondiscrimination Policy that will expressly provide that:

  a. Ruffing does not discriminate against any individual on the basis of disability, including against applicants or members of their families, students or members of their families.

b. Applicants and students with disabilities and members of their families have an equal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations provided by Ruffing.

c. Ruffing may not deny admission to or disenroll a child on the basis of the child's disability, or because Ruffing regards the child as having a disability.

d. Ruffing will make reasonable modifications to its policies, practices and procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

e. Requests for reasonable modifications may be directed to Ruffing's Principal, Administrator, Director of Montessori Curriculum and Instruction or any of Ruffing's directresses, directors, or teaching assistants, either formally (as in writing) or informally (as in orally) and will be timely referred (within three business days of the receipt of the request) to the appropriate members of Ruffing's administration.

f. Pursuant to 28 C.F.R. parts 35 and 36, Ruffing will not make decisions about admission, continued enrollment or reenrollment, or about needs for reasonable modifications, based on assumptions, myths or stereotypes about people with disabilities. Before making any negative decision regarding enrollment or continued enrollment at Ruffing, regarding a child with a disability or perceived to have a disability, where the disability is a potential ground for the decision, Ruffing administrators will engage in an interactive process that includes consultation with or consideration of information provided by the following individuals: the child's parents or guardians, current teacher(s), anticipated teacher(s), and any persons providing support, therapy or other services to the child, to determine whether reasonable modifications to Ruffing's policies, practices and procedures could allow the child to attend Ruffing;

    g. If Ruffing consults with third parties regarding reasonable modifications and those third parties disagree with the child's service providers, Ruffing will offer the child's family the opportunity at Ruffing's reasonable expense to have a mutually agreed upon third expert determine whether reasonable modifications to Ruffing's policies, practices and procedures could allow the child to attend Ruffing;

    h. If Ruffing denies admission, continued enrollment or reenrollment to a child with a disability, Ruffing shall set forth in writing its reasons for the denial, including the names and titles of all persons consulted, any modifications proposed or considered, and the reasons, if any, why Ruffing decided reasonable modifications were not available or would not allow the child to attend Ruffing.

6. <u>Publication/Dissemination of Disability Nondiscrimination Policy</u>. The Disability Nondiscrimination Policy established pursuant to the immediately preceding paragraph shall be published/disseminated as follows:

    a. Within thirty-five (35) business days of the entry of this Agreement, the Disability Nondiscrimination Policy shall be included in all Ruffing Montessori School handbooks (in both hard copy and online versions), including handbooks for students and families, handbooks for employees, and any other handbooks used by employees or distributed to families with children enrolled in any Ruffing Montessori School program.

    b. Within thirty-five (35) business days of the entry of this Agreement, the full text of the Disability Nondiscrimination Policy shall be accessible from and displayed on the homepage of its website.  The Policy shall appear either as a new tab entitled "Nondiscrimination Statement/Policy," to be located between the existing "Parents" and "Admissions" tabs on the Ruffing Montessori School homepage at http://www.ruffingmontessori.org/.

5

    c. The posting/publication of the revised Disability Nondiscrimination Policy required under this paragraph shall, in all instances, occur using the same font and font size as other similar materials posted on the website and published in the handbook(s).

7. <u>Revision and Publication/Dissemination of Nondiscrimination Statement</u>.  Within ten (10) business days of the entry of this Agreement, Ruffing shall revise the Nondiscrimination Statement which appears on its application (currently "Ruffing does not discriminate on the basis of race, sex, or national origin in the administration of its educational policies. Ruffing admits students of any race, color, sex or national or ethnic origin to all of the rights, privileges, programs and activities generally accorded or made available to students at the school") to include "disability" as one of the protected statuses on which Ruffing does not discriminate.  In addition:

    a. Within twenty-one (21) business days of the entry of this Agreement, the revised Nondiscrimination Statement shall be included prominently on all hard copy and online Ruffing Montessori School forms and publications (including, but not limited to, Ruffing's "Application for Admission," program brochures, parental authorization forms, and welcome letters, and future Annual Reports).

    b. Within twenty-one (21) business days of the entry of this Agreement, the revised Nondiscrimination Statement shall be included in all Ruffing Montessori School handbooks (in both hard copy and online versions), including handbooks for students and families, handbooks for employees, and any other handbooks used by employees or distributed to families with children enrolled in any Ruffing Montessori School program.

    c. Within twenty-one (21) business days of the entry of this Agreement, the full text of the revised Nondiscrimination Statement shall be on or immediately accessible from the Ruffing Montessori School internet homepage displayed similarly to the

6

      "Learn About Us" and "Join our Community" features for at least the Term of this Agreement.

    d. The posting/publication of the revised Nondiscrimination Statement required under this paragraph shall, in all instances, occur using the same font and font size as other similar materials posted on the website and published in the handbook(s).

8. <u>ADA Training</u>. Ruffing will develop a training program ("ADA Training") that shall be provided to the individuals identified in this paragraph within 30 days of entry of this Agreement and annually thereafter for the term of this Agreement. Ruffing shall provide ADA Training to 1) all individuals who, on behalf of Ruffing, provide any instruction or care to any Ruffing Montessori School student; 2) all Ruffing Montessori School administrators, and all persons involved in providing office/professional support to Ruffing on Ruffing Montessori School property; and 3) the Ruffing Montessori School Board of Trustees, as follows:

    a. The ADA Training shall address:

        i. the requirements of Title III of the ADA in the private school context;

        ii. the existence and general content of this Agreement and a description of where training participants may access a copy of this Agreement;

        iii. Ruffing's nondiscrimination obligations under the ADA, including specifically the "General Obligations" outlined at Paragraph 4 of this Agreement;

        iv. the reporting obligations under Paragraph 10 of this Agreement; and

        v. the fact that requests for disability-related reasonable modifications to Ruffing Montessori School policies, practices and procedures may be directed to Ruffing's Principal, Administrator, Director of Montessori Curriculum and Instruction or any of Ruffing's directresses or teaching assistants, either formally (as in writing) or informally (as in orally) and

7

      the obligation timely to refer any such requests (within three business days of the receipt of the request) to the appropriate members of Ruffing's administration so that they will be acted on promptly to ensure that no individual with a disability is denied the goods, services, facilities, privileges, advantages, or accommodations to which he or she is entitled under the ADA.

b. The ADA Training shall be conducted by an individual with substantive knowledge of the ADA and who is not an employee of Ruffing.  The ADA Training shall be conducted live, with a question and answer session (where persons being trained may pose questions to the individual conducting the training and receive answers to those questions) at the conclusion of the ADA Training.

c. For persons who must receive ADA Training pursuant to this Agreement, but who did not receive training on a designated training date required under this Agreement (for instance, because they were on leave from Ruffing or because they began their affiliation with Ruffing subsequent to the training date), Ruffing shall provide the ADA Training to such persons within sixty (60) days after the individual's commencement of service to Ruffing in a position covered by the ADA Training or within sixty (60) days of their return to Ruffing (for instance, from leave).

d. Ruffing shall send via electronic mail to the Department (to the attention of michelle.heyer@usdoj.gov) the proposed curriculum for the training, as well as the name(s), qualifications (including resume(s)), and contact information of the individual(s) who will conduct the training, no later than fifteen (15) calendar days after the entry of this Agreement.  Ruffing shall adopt any reasonable changes to the curriculum communicated to it by the Department to ensure that the trainees receive accurate education on the relevant aspects of the ADA.

  e. For each session of the ADA Training conducted under this Agreement (including for each instance of the ADA Training conducted on a non-designated training date pursuant to subsection "c" of this paragraph), Ruffing shall maintain attendance logs reflecting the names and titles of attendees.

9. <u>Reasonable Modifications Training</u>.  Within 30 calendar days of entry of this Agreement, Ruffing shall arrange for training that shall be provided to the individuals identified in this paragraph, regarding Montessori education for children with disabilities, including emotional, behavioral, psychological and neurological disabilities including but not limited to autism spectrum disorder.  This training shall be provided to all Ruffing staff who provide any instruction or care to any Ruffing Montessori School student, and to all Ruffing personnel involved in decisions regarding student enrollment, re-enrollment or disenrollment.

  a. The training shall address:
    i. how to modify the Montessori approach to accommodate children with disabilities;
    ii. how to evaluate the appropriateness of the Montessori educational philosophy for children with disabilities;
    iii. how to evaluate the progress and success of children with disabilities; and
    iv. how to approach challenges that may arise in educating children with disabilities within the Montessori philosophy.

  b. The Reasonable Modifications Training shall be conducted by an individual mutually agreed on by Ruffing and the United States, with substantive knowledge of Montessori education for children with disabilities.  The training shall be conducted live, with a question and answer session (where persons being trained may pose questions to the individual conducting the training and receive answers to those questions) at the conclusion of the training.

    c. For persons who must receive Reasonable Modifications Training pursuant to this Agreement, but who did not receive training on a designated training date required under this Agreement (for instance, because they were on leave from Ruffing or because they began their affiliation with Ruffing subsequent to the training date), Ruffing shall provide the Reasonable Modifications Training to such persons within sixty (60) days after the individual's commencement of service to Ruffing in a position covered by the Reasonable Modifications Training or within sixty (60) days of their return to Ruffing (for instance, from leave).

    d. Ruffing shall send via electronic mail to the Department (to the attention of michelle.heyer@usdoj.gov) the proposed curriculum for the training no later than thirty (30) calendar days after the entry of this Agreement. Ruffing shall adopt any reasonable changes to the curriculum communicated to it by the Department to ensure that the trainees receive accurate education on the relevant aspects of the ADA.

    e. For each session of the Reasonable Modifications Training conducted under this Agreement (including for each instance of the ADA Training conducted on a non-designated training date pursuant to subsection "c" of this paragraph), Ruffing shall maintain attendance logs reflecting the names and titles of attendees.

10. <u>Reporting</u>.

    a. <u>Initial Regular Report</u>: One hundred-twenty (120) calendar days following the entry of this Agreement, Ruffing shall submit a report to the Department

        i. confirming its implementation of the policies referenced in Paragraph 5 ("Establishment of Disability Nondiscrimination Policy"), Paragraph 6 ("Publication/Dissemination of Disability Nondiscrimination Policy"), Paragraph 7 ("Revision and Publication/Dissemination of Nondiscrimination Statement"), and its fulfillment to that date of the requirements of Paragraph 8 ("ADA Training") and Paragraph 9

10

      ("Reasonable Modifications Training"). Ruffing shall provide the Department with the attendance logs maintained pursuant to the ADA Training that it will have conducted pursuant to this Agreement by the time of the Initial Regular Report;

  ii.  identifying for the current school year the number of applicants identified to Ruffing as having a disability, or identified or regarded by Ruffing as having a disability, the number of such applicants who were enrolled and the number of such applicants who were not enrolled. For those not enrolled, identify which were not enrolled due to disability;

  iii.  for current students listed pursuant to paragraph 10(a)(ii) above, any modifications of Ruffing's policies, practices or procedures requested by each student, and any modifications made to Ruffing's policies, practices or procedures for each student;

  iv.  identifying for the previous school year the number of students identified to Ruffing as having a disability, or identified or regarded by Ruffing as having a disability, who did not re-enroll for the current school year. For those not reenrolled, identify which were not reenrolled due to disability.

b. <u>Subsequent Regular Reports</u>: For the Term of this Agreement, every year on the anniversary of the due date of the First Regular Report Ruffing shall submit a Subsequent Regular Report to the Department regarding its compliance with this Agreement. The report shall include, for the period subsequent to its immediately prior report to the Department, the following:

  i.  All dates of Ruffing's ADA Training and Reasonable Modifications Training conducted pursuant to this Agreement;

  ii.  All attendance logs associated with the ADA Training and Reasonable Modifications Training conducted pursuant to this Agreement; and

11

      iii.    Its continued fulfillment of the publication/dissemination obligations of Paragraph 6 ("Publication/Dissemination of Disability Nondiscrimination Policy") and Paragraph 7 ("Revision and Publication/Dissemination of Nondiscrimination Statement");

      iv.    The same information regarding applicants and students requested at paragraph 9(a)(ii)-(iv), to the extent such information has not been provided already pursuant to paragraph 9(c), below.

c. <u>Immediate Reports</u>:  During the Term of this Agreement, Ruffing shall notify the United States within fifteen (15) business days of Ruffing's:

      i.    Decision not to enroll a child identified to Ruffing as having a disability, or identified or regarded by Ruffing as having a disability, in any of its programs or services.  Such notification shall include all documents (including, but not limited to, application materials and internal and external email correspondence) relating to the application for admission and the decision not to enroll the child.

      ii.    Decision to disenroll or decline reenrollment to a child identified to Ruffing as having a disability, or identified or regarded by Ruffing as having a disability, from any of its programs or services.  Such notification shall include all documents (including, but not limited to, internal and external email correspondence) relating to the decision to disenroll/deny reenrollment to the child from Ruffing.

      iii.    Decision not to make a modification in Ruffing Montessori School policies, practices, or procedures, when requested by or on behalf of an individual identified to Ruffing as having a disability, or identified or regarded by Ruffing as having a disability.  Such notification shall include all documents (including, but not limited to, internal and external email

correspondence) relating to the decision not to make the modification in question.

    iv. Knowledge of any lawsuit, written complaint, charge, or other specific allegation made to Ruffing's Principal, Administrator, Director of Montessori Curriculum and Instruction, directresses or teaching assistants, or Board of Directors that Ruffing has engaged in disability-based discrimination and/or violated the ADA. Such notice will include, at a minimum, a description of the nature of the allegation, the name(s) of the individual(s) bringing the allegation, and all documentation possessed by Ruffing relevant to the allegation;

d. To the extent the United States seeks additional information regarding Ruffing's decision not to admit, to disenroll, or to deny reenrollment to a child identified to Ruffing as having a disability, or identified or regarded by Ruffing as having a disability, Ruffing shall respond promptly to any such requests for additional information, subject to the protective order previously entered into by the parties in the Litigation;

e. Reports and any other information required pursuant to this Agreement shall be delivered to the undersigned counsel via electronic mail at michelle.heyer@usdoj.gov, with a copy to roberta.kirkendall@usdoj.gov.

**Monetary Relief**

11. Ruffing shall pay $45,000 in monetary damages to persons whom the United States has identified as aggrieved persons. A list of such persons that identifies the amount to be paid to each person is appended as Attachment A. Within 30 days of entry of this Agreement, the Defendants shall deliver to counsel for the United States checks made payable to each such person in the amounts listed in Attachment A.

13

12. As a prerequisite to receiving such a payment, each aggrieved person shall execute and deliver to counsel for the United States a release ("Release") of all claims, legal or equitable, that he or she may have against the Defendants relating to the claims asserted in this lawsuit. Such release shall take the form of Attachment B. Counsel for the United States shall deliver the original release forms to counsel for the Defendants within 5 business days of receipt.

13. If any aggrieved person does not execute the Release on or before November 30, 2016, Ruffing shall deposit the amount designated for that person in Attachment A into an escrow account ("Escrow Account"). The funds in the Escrow Account may be used to satisfy any settlement with or judgment in favor of an aggrieved person who has not executed a Release, in litigation filed or pursued by such aggrieved person against Ruffing, based on the same conduct at issue in the instant litigation. The maximum payment from the Escrow Account for such purpose is limited to the amount designated for such aggrieved person in Attachment A, plus any accrued interest. If any funds remain in the Escrow Account at the expiration of this Agreement, those funds may be used to reimburse Ruffing for documented costs of the training undertaken pursuant to paragraphs 8 and 9 of this Agreement. If any funds remain in the Escrow Account in excess of documented training costs, Ruffing shall make a proposal to the United States for distribution of those funds to an organization in Cuyahoga County dedicated to advocacy and/or services on behalf of children with disabilities.

14. Before Ruffing makes any disbursement of funds from the Escrow Account pursuant to paragraph 13, it shall notify the United States in writing, describing the proposed distribution in detail. If the United States objects to such distribution, the Parties shall submit the matter to the Court for a final determination of whether such distribution may be made.

**Civil Penalty**

15. Ruffing shall issue a check or money order in the amount of $3,000 (three thousand dollars), payable to the "United States Treasury" as a civil penalty, pursuant to 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3). Counsel for Defendant shall deliver the check or money order, via Federal Express, to counsel for the United States within ten (10) business days of the effective date of this Decree. This check shall be sent via overnight courier delivery to: Michelle Heyer, Assistant United States Attorney, 801 West Superior Avenue, Suite 400, Cleveland, OH 44113.

**Implementation and Enforcement**

16. <u>Effective Date</u>. The effective date of this Agreement is the date that the Court approves it.
17. <u>Term</u>. The duration of this Agreement will be three (3) years from the Effective Date.
18. <u>Retention of Jurisdiction</u>. The Court will retain jurisdiction for the duration of this Agreement to enforce its terms, after which time the case will be dismissed with prejudice. The United States and/or Ruffing may apply to the Court for such further orders as may be necessary for, or consistent with, the enforcement of this Agreement.
19. <u>Non-Waiver</u>. Failure by the United States to enforce any provision of this Agreement shall not be construed as a waiver of its right to enforce other provisions of the Agreement.
20. <u>Scope of Agreement.</u> This Agreement is limited to resolving claims under the ADA related to the facts specifically set forth in the introductory paragraph above and does not purport to remedy any other existing or potential violations of the ADA or any other federal law.
21. <u>Continuing Responsibility</u>. This Agreement in no way limits Ruffing's continuing responsibility to comply with all aspects of the ADA, including but not limited to the obligations under Title III of the ADA to make reasonable modifications in policies,

15

practices, and procedures when necessary to avoid discrimination on the basis of disability.

22. <u>Titles</u>. Titles and other headings contained in this Agreement are included only for ease of reference and shall have no substantive effect.

23. <u>Severability</u>. If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

24. <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon Ruffing, its successors, agents and employees.

25. <u>Authority</u>. The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Agreement.

26. <u>Entire Agreement</u>. This Agreement, including Attachments A and B, constitutes the entire agreement between the United States and Ruffing on the matters raised herein and no other statement or promise written or oral, made by any party or agents of any party, that is not contained in this written Agreement, including its attachments, shall be enforceable.

27. <u>Other Violations</u>. This Agreement shall have no impact upon the rights or claims of any other individual not identified in this Agreement who has made, or may make, claims against Ruffing for issues discussed herein. This Agreement is not intended to remedy any other potential violations of the ADA or any other law, other than the violations alleged in the United States' Complaint in the above-captioned matter. Nothing in this Agreement shall preclude the United States from filing a separate action under the ADA for any alleged violation not covered by this Agreement.

28. <u>Costs</u>. Each of the Parties to this agreement will bear its own costs and attorneys' fees associated with this action.

FOR THE UNITED STATES OF AMERICA:

_____
Michelle L. Heyer, Assistant United States Attorney


FOR RUFFING MONTESSORI SCHOOL:

_____
John McNamara, Principal


_____
Nancy Hofstra, President, Board of Trustees


IT IS SO ORDERED.

_____
JUDGE DAN AARON POLSTER


DATE: ___September 21, 2016_____

17

ATTACHMENT A
LIST OF AGGRIEVED PERSONS

1. ███████████████████████████████████████████████████;

2. █████████████████████████████████████████████████████████████;

3. █████████████████████████████████████████████████████████
████████████.

ATTACHMENT B
RELEASE BY AGGRIEVED PERSONS


In consideration for the parties' Agreement entered in Case No. 1:15-cv-01997 (N.D. Ohio) in the United States District Court for the Northern District of Ohio ( "Lawsuit") and the payment to me of $_____ pursuant to the Agreement, I, [parent or parents], individually on my own behalf and on behalf of my minor child, _____, hereby release and forever discharge Ruffing Montessori School and all of its current, past, and future employees, Board Members, administrators, representatives, attorneys, agents, heirs, executors, administrators, and insurers (collectively, "Ruffing Released Parties") of and from any claims (including but not limited to claims under the Americans with Disabilities Act) for legal and/or equitable relief (including but not limited to any claim for attorneys' fees under 42 U.S.C. § 2000a-3 or otherwise) arising out of the facts identified or that could have been identified in the United States' Complaint in Intervention in the Lawsuit. As a result, I agree, covenant, and promise that I will not file any suit, charge, complaint, proceeding or action at law, in equity, or otherwise in any court, or any other judicial or administrative forum against any of the Ruffing Released Parties arising out of the facts identified or that could have been identified in the Lawsuit.


Executed this _____ day of _____, 201_


_____
(Signature)

_____
(Printed Name)

_____
(Home Address)

_____
(Home Address Continued)

19